## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

JULIE A. DEAN,
       **Plaintiff,**

                               **Case No. 2:21-cv-2581**
                               **Judge Edmund A. Sargus**
                               **Magistrate Judge Chelsey M. Vascura**

**v.**

ERIC M. SCHOOLEY, et al.,
       **Defendants.**


SAMUEL J. DEAN,
       **Plaintiff,**

                               **Case No. 2:21-cv-2582**
                               **Judge Edmund A. Sargus**
                               **Magistrate Judge Chelsey M. Vascura**

**v.**

ERIC M. SCHOOLEY, et al.,
       **Defendants.**


## OPINION AND ORDER

This matter is before the Court on Plaintiff Samuel J. Dean's Motion to Strike (ECF No. 17 in Case No. 21-cv-2582) and the Court's sua sponte consolidation of these two related cases. For the reasons that follow, the Court **DENIES** Plaintiff's Motion to Strike, **CONSOLIDATES** these two cases, **EXTENDS** the deadline for Defendants to file a responsive pleading, **DIRECTS** the Clerk to **CLOSE** the later filed case, No. 2:21-cv-2582, and **ORDERS** the parties to file all documents in the earlier filed case, No. 2:21-cv-2582.

**I.**

The Complaints filed in both of the above referenced cases are nearly identical with the exception of the names of the Plaintiffs. Plaintiffs live at the same address and have the same last name. Both actions allege claims for relief against a state-court municipal judge and the municipal court for failure to accommodate their alleged disabilities during court hearings on May 3, 2021.

The Plaintiffs in these cases filed their Complaints on May 18, 2021. On August 19, 2021, Defendants filed a Motion to Dismiss and an Answer in both cases. Because the execution of service date was different for each case, the second case filed by Mr. Dean had the answer due on August 16, 2021, not August 19. Mr. Dean moved for an entry of default on August 17, 2021, because Defendants missed their answer date. Then on September 3, 2021, Mr. Dean filed a Motion to Strike Defendant's Motion to Dismiss, because it was untimely.

**II**.

Plaintiff moves this Court under Rule 12(f) of the Federal Rules of Civil Procedure for an order striking Defendants' responsive pleadings. Rule 12(f) provides, "upon motion made by a party . . . the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Because striking a pleading is a drastic remedy, such motions are generally viewed with disfavor and are rarely granted. *AT&T Global Information Solutions Co. v. Union Tank Car Co.*, 1997 U.S. Dist. LEXIS 6090, C2-94-876, 1997 WL 382101 (S.D. Ohio Mar. 31, 1997) (citing *Brown and Williamson Tobacco Corp. v. United States*, 201 F.2d 819, 822 (6th Cir. 1953)); *Morrow v. South*, 540 F. Supp. 1104, 1111 (S.D. Ohio 1982) ("Motions under Rule 12(f) are not favored,

2

and should not be granted unless it is apparent that the matter has no possible relation to the controversy.").

Here, Defendants missed the responsive pleading date by three days.  It appears that the calculation for their answer date was calculated in line with the first case filed by Mrs. Dean. This Court prefers to decide a motion on its merits rather than on technicalities. *See e.g., Leak v. Lexington Ins. Co.*, 641 F. Supp. 2d 671, 674 (S.D. Ohio 2009).  Thus, a miscalculation of a responsive pleading date by three days is not sufficient to strike a pleading or responsive pleading.  Consequently, the Court **DENIES** Mr. Dean's request.

The Court also *sua sponte* **EXTENDS** by three days the responsive pleading deadline in Mr. Dean's case.

### III.

Federal Rule of Civil Procedure 42(a) affords the trial court the discretion to consolidate cases involving common questions of law or fact.  *Cantrell v. GAF Corp.*, 999 F.2d 1007, 1010–11 (6th Cir. 1993); *Mitchell v. Dutton*, Nos. 87–5574, 87–5616, 87–5632, 87–5638, and 87–5647, 1989 WL 933, at *2 (6th Cir.Jan.3, 1989). Rule 42(a) states as follows:

> (a) Consolidation. When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

Fed. R. Civ. P. 42(a).

"The underlying objective [of consolidation] is to administer the court's business with expedition and economy while providing justice to the parties." *Advey v. Celotex, Corp.*, 962 F.2d 1177, 1181 (6th Cir. 1992) (internal quotation marks and citation omitted). In *Cantrell*, the Sixth Circuit Court of Appeals advised that "the decision to consolidate is one that must be made

thoughtfully . . . . [c]are must be taken that consolidation does not result in unavoidable prejudice or unfair advantage." 999 F.2d at 1011.  If the conservation of judicial resources achieved through consolidation "are slight, the risk of prejudice to a party must be viewed with even greater scrutiny." *Id*.

Here, there is certainly expedition and economy while simultaneously providing justice to the Deans.  These cases are identical and will rise and fall together.  There can be no prejudice to the consolidation of the two cases.  Indeed, not only will the Court benefit but the Deans will also, being required to only file in one case.  Thus, the Court of its own accord **CONSOLIDATES** these two cases.

**IV.**

For the reasons set forth above, the Court **DENIES** Plaintiff's Motion to Strike (ECF No. 17 in Case no 21-cv-2582), **CONSOLIDATES** Case No. 2:21-cv-2581 and 2:21-cv-2582, **EXTENDS** the deadline for Defendants to file a responsive pleading, **DIRECTS** the Clerk to **CLOSE** the later filed case, No. 2:21-cv-2582, and **ORDERS** the parties to file all documents in the earlier filed case, No. 2:21-cv-2581.

**IT IS SO ORDERED.**


**10/1/2021**                                                    **s/Edmund A. Sargus, Jr.**
**DATE**                                                          **EDMUND A. SARGUS, JR**
                                                                 **UNITED STATES DISTRICT JUDGE**