# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

JULIE A. DEAN and SAMUEL J. DEAN,

      Plaintiffs,

                                     **Case No. 2:21-cv-2581**

      v.                             **JUDGE EDMUND A. SARGUS, JR.**

                                     **Magistrate Judge Chelsey M. Vascura**

ERIC M. SCHOOLEY, *et al.*,

      Defendants.

## OPINION AND ORDER

       This matter is before the Court on three motions.  First, Defendant Judge Eric Schooley's Motion to Dismiss (ECF No. 31), Plaintiffs' Memorandum in Opposition (ECF No. 33), Defendant Schooley's Reply (ECF No. 34), and Plaintiffs Surreply[1] (ECF No. 37).

       Second, Plaintiffs moved to Strike Defendants' Answer (ECF No. 42), which is fully briefed (ECF Nos. 43, 44).

       Third, Defendants Nicholas Adkins, Sabah Al, Mark Forrest, Madison County Municipal Court, Madison County, Ohio, Rob Slane, Tammy Terpening, Susan Thompson, Chris Wallace, Tony Xenikis' Motion for Judgment on the Pleadings.  (ECF No. 36.)  Plaintiffs did not file a response to this Motion.  The Court ordered Plaintiffs to file a response indicating that it would be accepted even though the deadline to file had passed.   (ECF No. 45.)  Plaintiff did not file any response.

---

[1] Plaintiffs referred to this filing as a "Response to the Reply to Response to Motion."  The Court accepts this filing as a surreply.

For the following reasons, the Court **GRANTS** the Motion to Dismiss (ECF No. 31), **GRANTS** the Motion for Judgment on the Pleadings (ECF No. 36), and **DENIES** Plaintiffs' Motion to Strike Answer (ECF No. 42).

## I.

This case began with the initiation of a prosecution by the State of Ohio against Plaintiffs Samuel and Julie Dean. On March 19, 2021, Plaintiffs were served with charges for criminal trespass and criminal mischief issued from the Municipal Court of Madison County, Ohio. (Second Am. Compl., ECF No. 30, ¶ 3.2,; Crim. Compl. ECF No. 36-1.)  Plaintiffs' cases were tried to a jury and they were convicted of both offenses.  That conviction is currently on appeal.

In reviewing the pleadings before it, the Court may also consider documents that are referenced in the complaints and that are central to plaintiff's claims, matters of which a court may take judicial notice, and documents that are a matter of public record.  *Thomas v. Noder-Love*, 621 F. App'x 825, 829 (6th Cir. 2015).

## A.  Criminal Prosecution

During the prosecution of the criminal case against them in Madison County, Ohio, Plaintiffs filed various notices and motions with the trial court alleging concerns about their rights under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq*.  First, on April 28, 2021, both Plaintiffs filed a "Notice of Request for Reasonable Modifications Under Title II of the Americans with Disabilities Act." (Second Am. Compl., ECF No. 30, ¶¶ 3.4, ECF Nos. 36-1, 36-2.)  In the Notice, Plaintiffs claimed an unspecified disability which impaired their understanding of the accusations against them.  (ECF No. 36-2.)  Plaintiffs requested an *ex parte* administrative hearing with a designated individual to assist in making unspecified

2

modifications. (*Id.*) Plaintiffs also moved to withdraw their plea contending that they "lacked the capacity" to enter a plea. (Notice of Withdrawal of Plea, ECF No. 36-3).

On May 3, 2021, there was a pre-trial hearing before Defendant Judge Schooley. Plaintiff Julie Dean alleges that she told Judge Schooley that she had a hearing deficiency. (Second Am. Compl. ¶ 3.6, ECF No. 30.) Ms. Dean alleges she requested accommodations under the ADA but that Judge Schooley denied that she had a disability. (*Id.* at ¶¶ 3.5, 3.6).

On May 19, 2021, both Plaintiffs filed a second "Notice of Request for Reasonable Modifications Under Title II of the Americans with Disabilities Act." (Notices, ECF No. 36-4.) In this Notice, Plaintiffs asserted that they were denied reasonable modifications and Judge Schooley improperly "questioned the defendant[s] about [their] disability[ies] while in the presence of opposing counsel, in open court, and made his own series of diagnosis as to what he believed was proof of any disability or a reasonable modification." *Id.*

Plaintiffs also moved to dismiss the criminal complaint, in part, because they claimed they were denied equal access to justice and the law due to their "communications disability." (Second Am. Compl., ECF No. 30 ¶ 3.19; ECF No. 36-5.)

The trial court issued an Entry in response to Plaintiffs' complaints on May 20, 2021. (Entry, ECF No. 36-6.) The Entry provided that Plaintiffs were "unwilling to indicate to the Court what type of accommodation [they were] specifically asking for." *Id.* Further, Plaintiffs refused to tell the Court what type of disability they had and, without any information regarding Plaintiffs claimed disabilities, the "Court is unable to provide any assistance." *Id.*

Also on May 20, 2021, Plaintiffs filed Supplemental Discovery listing Jay Shore, ADA Rights Advocate, as a witness in the criminal case. (Supp. Discovery, ECF No. 36-7.) Plaintiffs subpoenaed the trial court judge for ADA documents. (Second Am. Compl., ECF No. 30, ¶

3

3.25; Subpoena, ECF No. 36-8.)  After the State moved to quash the subpoena, Plaintiff Mr.

Dean responded that "the court is deliberately denying him equal access to the court without the

production and inspection in advance of trial."  (Response to Motion to Quash, ECF No. 36-9.)

Further, Mr. Dean claimed to be "unable to engage in this [criminal] proceeding until he is

accommodated and given equal access to the court proceeding."  *Id*.

On July 26, 2021, Plaintiff stated to Judge Schooley that "I have requested, and am

without equal access under the ADA. I will not participate or consent without my ADA

Advocate present."  (Second Am. Compl,, ECF No. 30, ¶ 3.50,)  On July 27, the trial court

issued an Entry denying Plaintiffs' request for accommodation.  In relevant part, the trial court

found that "Defendant[s] ha[ve] also refused to respond to any inquiry of the Court as to the

nature of the disability, how it impacts [them], the precises accommodation sought, why it is

need or in fact provide any meaningful shred of information upon which the Court could provide

assistance."  (*Id*. at ¶ 3.51.; Entries, ECF No. 36-10.)

On July 29, 2021, Plaintiffs participated in the criminal trial "under duress" and referred

to the trial as a "sham trial" which would "jeopardize the defendant's rights now and in the

future."  (*Id*., at ¶¶ 3.53, 3.54; Entry - Participation Under Duress in Trial July 29, 2021, ECF

No. 36-11.)  Plaintiffs were convicted of the charges following a jury trial on July 30, 2021. *Id*.

Plaintiffs are currently appealing their convictions. (Notice of Appeal and Motion for Extension

of Time, ECF Nos. 36-12, 36-13.)

**B.**     **Complaint in this Court**

Plaintiff Julie Dean alleges that she suffers from hearing loss and memory loss. (Second

Am. Compl. ¶¶ 3.64, 3.65.)  Plaintiff Samuel Dean alleges that he suffers from Post-Traumatic

Stress Disorder ("PTSD") and various physical disabilities that sometimes cause him pain when

4

he sits.  (*Id.* ¶¶ 3.66, 3.67.)  Plaintiffs claim these disabilities substantially limit their life activities and are disabilities as that term is defined under the ADA.

In general, the Deans allege in the Second Amended Complaint that they attempted to gain equal access to the court system, but Judge Schooley and the other defendants "did not provide contact information for the responsible employee for ADA to Plaintiffs."  (*Id.* ¶¶ 3.68, 3.69.)  They claim they were excluded from participating in many scheduled hearings because they were never accommodated under Title II of the ADA.  (*Id.* ¶ 3.76.)

On September 7, 2021, Plaintiffs filed this action without the assistance of counsel alleging violations of Title II of the ADA, 42 U.S.C. §§ 12131–12134 and the Fourteenth Amendment of the United States Constitution. (Second Am. Compl., ECF No. 30.)  Plaintiffs name as defendants Madison County, Ohio, the Madison County Municipal Court, the Honorable Eric Schooley, Judge of the Madison County Municipal Court, Tammy Terpening, Clerk of Court for the Madison Country Municipal Court, Nicholas Adkins, a prosecutor in Madison County, Ohio, Susan Thompson and Sabah Al, designated ADA responsible employees for Madison County, Ohio, Rob Slane, the Administrator for the Board of County Commissioners of Madison County, and Madison County Commissioners Tony Xenikis, Chris Wallace and Mark Forrest.

Defendant Judge Schooley filed a motion to dismiss (ECF No. 31). The remaining defendants filed a motion for judgment on the pleadings (ECF No. 36). These motions are ripe for review.

## II. STANDARDS OF REVIEW

"After the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). Courts review Rule 12(c) motions for judgment on the pleadings with the same standard as motions to dismiss under Rule 12(b)(6). *Vickers v. Fairfield Med. Ctr.*, 453 F.3d 757, 761 (6th Cir. 2006). Rule 12(b)(6) provides for dismissal of actions that fail to state a claim upon which relief can be granted.

In evaluating a complaint to determine whether it states a claim upon which relief can be granted, the Court must construe it in favor of the plaintiff, accept the factual allegations contained in the pleading as true, and determine whether the factual allegations present any plausible claim. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). *See also Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (clarifying the plausibility standard articulated in *Twombly*). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The factual allegations of a pleading "must be enough to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555.

"Pro se complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be construed liberally*." Garret v. Belmont County Sheriff's Dep't*, 374 F. App'x 612, 614 (6th Cir. 2010) (Citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)).

## III. MOTION TO DISMISS

Plaintiffs allege that Defendant Judge Schooley violated their rights under the of the Fourteenth Amendment, the ADA, and intentionally inflicted upon them emotional distress. Plaintiffs seek monetary damages and injunctive and declaratory relief. Defendant Schooley

6

moves to dismiss all claims against him because, *inter alia*, judicial immunity bars Plaintiffs' claims for monetary damages, as well as their claim for injunctive relief. This Court agrees.

## A.  Judicial Immunity from Civil Suits for Monetary Damages

Judges are immune from civil suits for money damages except under two circumstances:

> First, a judge is not immune from liability for nonjudicial actions, i.e., actions not taken in the judge's judicial capacity. Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction.

*Mireles v. Waco*, 502 U.S. 9, 9–12 (1991). "Whether an action is judicial depends on the 'nature' and 'function' of the act, not the 'act itself.'" *Ireland v. Tunis*, 113 F.3d 1435, 1440 (6th Cir. 1997) (quoting *Mireles*, 502 U.S. at 13). Courts must determine "whether it is a function normally performed by a judge" and "whether the parties dealt with the judge in his or her judicial capacity." *Stump v. Sparkman*, 435 U.S. 349, 362 (1978).

Judge Schooley's challenged conduct includes:

- Responding to Ms. Dean's request by "talking over" her at a hearing, preventing her from completing her request (Compl. ¶ 3.5).

- Responding to Ms. Dean during a pretrial by stating that she "did not have a disability according to [his] assessment." (*Id.* ¶ 3.6.)

- Informing Mr. Dean that ADA support would be provided by the Supreme Court of Ohio. (*Id.* ¶ 3.8.)

- Issuing a docket entry acknowledging the Deans' request for ADA accommodations. (*Id.* ¶ 3.24.)

- Upon hearing the Deans request at a pretrial to have an ADA Advocate present, Judge Schooley alleged "queried the gallery for the person who was the designated responsible employee in Defendant Madison County, Ohio." (*Id.* ¶ 3.30.)

- Denied Julie's request to approach the bench. (*Id.*)

- Held Julie in contempt and fined her $250 for "asking for equal access under the ADA and for [her] ADA Advocate to be present at all hearings." (*Id.* ¶ 3.50.)

- Denied the Deans' request for accommodation under the ADA. (*Id.* ¶ 3.51)

- "verbally humiliated [Ms. Dean] in open court while addressing the administrative ADA request" and "attempted to make medical diagnoses of [Ms. Dean] in the courtroom in front of many spectators." (*Id.* ¶ 3.81.)

Plaintiffs argue that these are administrative functions, not judicial functions, because providing ADA-compliant access to courts is an administrative function. (ECF No. 33 at 6.) The Court disagrees.

Judge Schooley's actions were judicial in nature and function.  Judge Schooley performed traditional judicial functions when he presided over pretrial hearings and conferences, advised the Deans of their ADA rights and responsibilities, and held Ms. Dean in contempt.  *See Clark v. Jameson*, No. 5:19CV-P74-TBR, 2019 WL 3491845, at *2 (W.D. Ky. July 31, 2019) (finding a judge was immune to monetary damages where he allegedly addressed the plaintiff in a racially demeaning way during a court proceeding and denied his motions because he was performing judicial functions).  As the United States Supreme Court has stated, an act "does not become less judicial by virtue of an allegation of malice or corruption of motive." *Forrester v. White*, 484 U.S. 219, 227–28 (1988) (citation omitted). Judge Schooley "will not be deprived of immunity" even if his actions were "in error…or…in excess of his authority.'" *Mireles*, 502 U.S. at 12–13 (quoting *Stump v. Sparkman*, 435 U.S. 349, 356 (1978)). Accordingly, Judge Schooley is immune from monetary damages for the alleged actions.

**B.  Judicial Immunity from Civil Suits for Injunctive Relief**

Section 1983 provides that "except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983.  Here, Plaintiffs do not allege any facts suggesting that a declaratory decree was violated

8

or that declaratory relief was unavailable. Therefore, absolute judicial immunity bars any request for injunctive relief against Judge Schooley. This is true even if Plaintiffs are not entitled to declaratory relief. *See Cooper v. Rapp*, 702 F. App'x 328, 334 (holding the judge was immune from plaintiffs' claims for injunctive relief even though they were not entitled to declaratory relief against the judge). Therefore, Judge Schooley to is immune from injunctive relief.

### IV. MOTION FOR JUDGMENT ON THE PLEADINGS

Defendants Nicholas Adkins, Sabah Al, Mark Forrest, Madison County Municipal Court, Madison County, Ohio, Rob Slane, Tammy Terpening, Susan Thompson, Chris Wallace, and Tony Xenikis move to dismiss Plaintiffs' claims for, among others, the following reasons: (A) Plaintiffs' claims are barred from suit seeking to implicate the validity of a their convictions; (B) Plaintiff's federal claims are barred by abstention doctrines; (C) Plaintiffs fail to state a plausible claim against Madison County, and (D) Plaintiffs' Ohio law intentional infliction of emotional distress claim fails as a matter of law. Plaintiffs did not respond to the motion.

### A.     Validity of Convictions

Defendants argue that *Heck v. Humphrey*, 512 U.S. 477 (1994) is a bar to any Section 1983 case that implicates the validity of a conviction, when that conviction has not been successfully challenged. That is, "unless that conviction has been reversed, there has been no injury of constitutional proportions, and thus no § 1983 suit may exist." *Schilling v. White*, 58 F.3d 1081, 1086 (6th Cir. 1995). "[I]f civil claims were allowed while criminal cases were pending, 'there would be a potential for inconsistent determinations in the civil and criminal cases and the criminal defendant would be able to collaterally attack the prosecution in a civil suit.'" *Wolfe v. Perry*, 412 F.3d 707, 714 (6th Cir. 2005) (quoting *Smith v. Holtz*, 87 F.3d 108, 113 (3rd Cir. 1996)). Defendants are correct.

9

Plaintiff's' convictions have not been reversed, set aside or expunged, and Plaintiffs' claims, if successful, would require invalidity of their convictions. Specifically, Plaintiffs maintain that they were forced to participate in their criminal trials under duress, were denied equal access to the court and justice, and were excluded from participating in certain criminal hearings. In other words, Plaintiffs contend that they did not get a fair trial because they were not granted a reasonable accommodation for their disabilities. If these alleged wrongs were remedied, the upshot would mean a vacation of their sentences and a new trial, a result prohibited in a 1983 case by Heck.

As Defendants point out, numerous trial courts addressing this issue have held that similar ADA claims are barred by *Heck*, a position with which this Court agrees. *See e.g.*, *Bowdy v. Karp*, Case No. 3:00 CV 1866, 2004 U.S. Dist. LEXIS 19299 at *26-27 ("the reasoning set for in *Heck* to preclude Section 1983 actions, applies equally to ADA claims." (D. Conn. Sept. 20, 2004) (citing cases); *Davila v. Commonwealth*, Case No. 3:11-1092, 2014 U.S. Dist. LEXIS 41879 at *20-24 (M.D. Penn. Mar. 28, 2014) (alleged failure under the ADA to provide mental health advocate at plea hearing barred by *Heck*); Heck); Miller v. Wayback House, No. 3:05-CV-1838-L, 2006 U.S. Dist. LEXIS 3817, 2006 WL 297769, at *3 (N.D. Tex. Feb. 1, 2006), subsequently *aff'd*, 253 F. App'x 399 (5 th Cl2007) ("The Court finds the above decisions persuasive and holds that *Heck* applies to Plaintiff's § 1983 claims as well as to this ADA claims).

Similarly, Plaintiffs' due process and equal protection claim all attack the process and protections Plaintiffs received in their criminal trials. To find that Plaintiffs were denied procedural or substantive due process in their criminal case would necessarily imply the validity

or invalidity of Plaintiffs' convictions. Accordingly, Plaintiffs' federal claims are barred by

*Heck v. Humphrey* and require dismissal without prejudice.

**B.      Abstention**

Defendants correctly posit that two abstention doctrines bar this litigation. First,

abstention set out in *Younger v. Harris*, 401 U.S. 37 (1971). "*Younger* abstention applies when

the state proceeding 1) is currently pending, 2) involves an important state interest, and 3)

affords the plaintiff an adequate opportunity to raise constitutional claims." *Middlesex County*

*Ethics Comm. v. Garden State Bar Ass'n,* 457 U.S. 423, 432 (1982).

> *Younger* abstention is built upon common sense in the administration of a dual
> state-federal system of justice. When a person is the target of an ongoing state
> action involving important state interests, a party cannot interfere with the pending
> state action by maintaining a parallel federal action involving claims that could
> have been raised in the state case. If the state party files such a case, *Younger*
> abstention requires the federal court to defer to the state proceeding. *Watts v.*
> *Burkhart,* 854 F.2d 839, 844–48 (6th Cir.1988); *see also* \*866 *Pennzoil Co. v.*
> *Texaco, Inc.,* 481 U.S. 1, 15 (1987) ("[W]hen a litigant has not attempted to present
> his federal claims in related state-court proceedings, a federal court should assume
> that state procedures will afford an adequate remedy.").

*Coles v. Granville*, 448 F.3d 853, 865–66 (6th Cir. 2006).

There is no dispute that Plaintiffs' criminal cases are still pending on appeal and the

proceeding was pending in the Madison County Municipal Court when this lawsuit was filed.

Enforcement of state criminal laws is an important state interest. *Leveye v. Metro Pub.*

*Defender's Office*, 73 F. App'x 792, 794 (6th Cir. 2003) (holding state criminal proceedings

traditionally implicate an important state interest). Finally, if Plaintiffs believe that the trial

court's denial of reasonable accommodation denied them due process and equal protection in the

criminal proceedings, Plaintiffs have an adequate opportunity to raise those issues in the state

court of appeals.

11

Similarly, Plaintiff's claims are barred by the *Rooker-Feldman* doctrine because appeals of state court judgments can only be made to the United States Supreme Court. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). The essence of Plaintiffs' ADA and due process claims is that the state trial court violated the ADA by denying Plaintiffs' accommodation requests which, ultimately, led to an unfair trial and criminal convictions. That is, Plaintiffs' claims would only succeed if the trial court was wrong when it rejected Plaintiffs' accommodation requests. When granting relief on the federal claim would imply that the state-court judgment was incorrect, federal courts do not have jurisdiction. *Pieper v. Am. Arbitration Ass'n*, 336 F.3d 458 (6th Cir. 2003). Consequently, Plaintiffs' claims are barred by the *Younger* and *Rooker-Feldman* abstention doctrines.

## D. Intentional Infliction of Emotional Distress

To show intentional infliction of emotional distress claim under Ohio law, a plaintiff must show that: "(1) defendants intended to cause emotional distress, or knew, or should have known that their actions would result in plaintiff's serious emotional distress, (2) defendants' conduct was extreme and outrageous, (3) defendants' actions proximately caused plaintiff's emotional injury, and (4) plaintiff suffered serious emotional anguish." *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995) (*citing Hanly v. Riverside Methodist Hosp.*, 78 Ohio App.3d 73, 603 N.E.2d 1126, 1132 (Ohio Ct. App. 1991)). To satisfy the second element, the conduct alleged must be "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Godfredson v. Hess & Clark, Inc.*, 173 F.3d 365, 375 (6th Cir. 1999).

12

In the case *sub judice*, Plaintiffs have failed to allege conduct that would reach that threshold.  Thus, Plaintiffs have failed to state a claim for intentional infliction of emotional distress upon which relief can be granted.

## V. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant Schooley's Motion to Dismiss (ECF No. 31), **GRANTS** the remaining Defendants' Motion for Judgment on the Pleadings (ECF No. 36), and **DENIES AS MOOT** Plaintiffs' Motion to Strike Answer (ECF No. 42).  The Clerk is **DIRECTED** to close this case.

**IT IS SO ORDERED.**

**9/22/2022**                                 **s/Edmund A. Sargus, Jr.**
**DATE**                                            **EDMUND A. SARGUS, JR.**
                                                    **UNITED STATES DISTRICT JUDGE**